A. H. Black Company, a corporation v. Commissioner.
A. H. Black Co. v. Commissioner
Docket No. 111682.
United States Tax Court
1944 Tax Ct. Memo LEXIS 402; 3 T.C.M. (CCH) 14; T.C.M. (RIA) 44006; January 7, 1944
*402 Deductions: Expenses: Annuity payments as purchase price of property: Expense deductions v. capital expenditures. - Taxpayer corporation, owing seller the price of real estate, set up an annuity for her in 1933. In 1939 the value of such annuity, as fixed by taxpayer on its books, was exhausted by reason of the longevity of the beneficiary, so that a payment thereafter was regarded as a loss and deducted from income. The Tax Court holds that such payments are capital expenditures and no deduction is allowed. J. M. Stotesbury, Esq., for the petitioner. T. M. Mather, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding has been initiated to test the correctness of respondent's determination of a deficiency in income tax in the sum of $86.33 for the calendar year ended December 31, 1940. The issue raised is the deductibility of the sum of $600 alleged to be the amount of an annuity payment made by petitioner in excess of the purchase price of the same which resulted from the fact that the annuitant outlived her life expectancy. Findings of Fact The petitioner is a Montana corporation with its principal office at GallatinGateway, Montana. The *403 return was filed with the Collector for the district of Montana. Petitioner's books are kept and the returns filed on the accrual basis of accounting. On January 24, 1933, the taxpayer was indebted to Mrs. A. H. Black in the sum of $16,290, representing the purchase price of property, and compensation of $1,000 due her deceased husband. At the annual meeting of the stockholders, held January 24, 1933, this indebtedness was discussed and a proposal was submitted to discharge the same in part by the payment of an annuity for life to Mrs. Black in the sum of $600 per year. The minutes of the stockholders' meeting covering this transaction read as follows: "The next item to come before said meeting was the question of the indebtedness of this company to Blanche L. Black on two notes for the aggregate sum of $16,290.00 and accrued interest. It was stated that the company had no money to liquidate this indebtedness at the present time, and that Mrs. Black had agreed to accept an annuity for a portion of said indebtedness, under the terms of which annuity she was to receive $600.00 per year for life. Upon motion of H. J. Neff, seconded by Blanche G. Black, duly put and unanimously carried, *404 it was moved that the directors of this company be authorized and instructed to enter into an annuity contract with Blanche L. Black for $600.00 per year for life, and to have the annuity value of this sum computed and properly entered on the books as a partial discharge of the indebtedness now owed by the company to Mrs. Black, and that the directors be further authorized and instructed to place the balance of the indebtedness in such form as to enable it to be liquidated by the company without impairing its operating capital. "Blanche L. Black did not indicate whether or not she would be willing to make a settlement, although it was pointed out to her that this indebtedness seriously hampered the financial standing of the company, as it had to be listed as a liability whenever a statement of the company affairs was given." On the following day the directors submitted to Mrs. Black their agreement to pay to her $600 per year for life, said sum to be paid on or before the 15th day of January of each and every year during the life of the said Blanche L. Black, beginning with the year 1933. "Blanche L. Black was thereupon to endorse as paid, on the notes held by her, the annuity value *405 of said payment, said annuity value to be computed under standard tables of mortality at 4%. After having this thoroughly explained to her, Mrs. Blanche L. Black agreed that she would accept the proposal made." Mrs. Black was born January 19, 1863. She was a stockholder of petitioner at the time this transaction was entered into. On December 1, 1933, Mrs. Black agreed to donate to surplus of petitioner the unpaid portion of the company's indebtedness to her. As of December 31, 1933, petitioner's books carried the following journal entry: "Notes Payable
$1,029.00
Forgiveness Debt
1,029.00
"This entry is to amortize a probable gain for the corporation. Mrs. A. H. Black held notes of the corporation in the amount of $16,290.00 and because of the losses being sustained by the Business she made an offer that this debt need not be paid in the regular course of business but she would accept payments of $600.00 per year for her lifetime in full settlement. This offer was accepted by the corporation. Mrs. A. H. Black was 70 years of age and from information gained from Insurance Agents she has an expectancy of 10 years. Therefore 1/10 of the entire debt or $1,629.00 is cancelled *406 each year by payment of $600.00. This arrangement would indicate that she is forgiving $1,029.00 indebtedness of the corporation each year. "Closing Entries: * * * * *
Forgiveness Debt
$1,029.00
Profit and Loss
1,029.00"
In 1935 a certified public accountant made an adjusting entry on petitioner's books by placing a value of $3,790.30 upon the annuity and crediting to surplus the difference between the original indebtedness of $16,290 and the value of the annuity as determined. In 1939 the obligation set up by the public accountant was exhausted by reason of the longevity of Mrs. Black and the sum of $600 thereafter, paid to Mrs. Black in 1940 was claimed as a loss and deducted from income on the petitioner's tax returns. Opinion ARUNDELL, Judge: In our opinion there is no merit to petitioner's contention. It has actually received $16,290 of which sum $15,290 represented the value of property it acquired and $1,000 the cancellation of an indebtedness for services rendered to it. It seeks by bookkeeping entries to reduce the sum actually received to the smaller amount of $3,790.30 and to thus claim a loss, where, in fact, it has suffered no loss. The minutes of *407 December 1, 1933 which record a release by Mrs. Black of the so-called unpaid portion of the notes due her specify no amount. The journal entries made more or less co-incident with the transaction showed an annual gain by the petitioner from the transaction rather than the present claimed loss. Moreover, if petitioner is right no part of the current annuity payment could be regarded as a return of capital to Mrs. Black, but would be taxable to her entirely as income. We also agree with the respondent's contention that the annuity payments represent a capital expenditure made as part of the purchase price of real estate and, as such, they are not deductible from income. Decision will be entered for the respondent.